People v Gilbert (2024 NY Slip Op 01636)

People v Gilbert

2024 NY Slip Op 01636

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

158 KA 19-02138

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL GILBERT, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.), rendered October 9, 2019. The judgment convicted defendant upon his plea of guilty of attempted arson in the third degree and attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted arson in the third degree (Penal Law §§ 110.00, 150.10 [1]) and attempted burglary in the second degree (§§ 110.00, 140.25 [2]). We affirm.
We agree with defendant that his waiver of the right to appeal is invalid because County Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to sufficiently identify that certain rights would survive the waiver (see People v Appiah, — NY3d &mdash, 2024 NY Slip Op 00158, *1 [2024]; People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Beach, 217 AD3d 1593, 1593 [4th Dept 2023]). We are therefore not precluded from reviewing defendant's challenge to the severity of the period of postrelease supervision imposed in connection with his conviction of attempted burglary in the second degree (see People v Martin, 213 AD3d 1299, 1299-1300 [4th Dept 2023]). Nevertheless, we reject defendant's contention that the period of postrelease supervision is unduly harsh or severe.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court